Case 6:23-cv-00023   Document 15   Filed on 09/21/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
September 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| R WAYNE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-CV-00023 |
| | § | |
| DREW B. TIPTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS CASE**

Plaintiff R. Wayne Johnson (Johnson), an inmate in the Texas Department of Criminal Justice Institutions Division (TDCJ), alleges in this civil lawsuit that a federal judge and a federal prosecutor violated his rights.  District Judge Tipton and First Assistant United States Attorney (FAUSA) Jennifer Lowery (collectively "Defendants") filed a motion to dismiss the complaint (D.E. 3) and a supplemental motion to dismiss the complaint (D.E. 8).  Johnson has filed a motion to strike the Defendants' motion to dismiss (D.E. 11), which the Court construes as a response to the motion to dismiss.  The Clerk is **DIRECTED** to terminate Johnson's motion to strike (D.E. 11) insofar as it purports to be a motion and to docket the filing as a response to the pending motion to dismiss.  For the reasons stated below, the undersigned recommends that the Defendants' motion to dismiss be **GRANTED**, Johnson's motion to amend complaint be **DENIED**, and Johnson's claims be **DISMISSED**.

1 / 12

I.      BACKGROUND

Johnson filed this action on March 27, 2023 in the 24th District Court, Victoria County, Texas, Cause No. 23-03-89599-C. (D.E. 1-3). On April 21, 2023, Defendants removed the case to Federal Court. (D.E. 1; *See* 28 U.S.C. § 1442(a)(1) & (3)(permitting removal to federal court of a civil action against (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States of any agency thereof, in an official or individual capacity… and (3) any officer of the courts of the United States)).

Johnson's complaint is a nonsensical, unintelligible deluge of references to laws, cases and legal concepts. Generously interpreted, it appears to demand that Johnson be set free, releasing him from confinement based on a 28 U.S.C. §2241 *habeas corpus* violation of his constitutional rights. (D.E. 1-3). Johnson contends that the Defendants have conspired to cause him injury and damage by keeping him confined. *Id*. Johnson is also accusing the Defendants of false imprisonment and seeks two million dollars in damages. (D.E. 1-3, pg. 5). All of Johnson's subsequent filings contain similar incomprehensible language. (See, e.g. D.E.s 4, 9, 11, & 12).

On May 9, 2023, shortly after the case was removed, Johnson filed a document entitled "Amended Complaint," naming the United States Postal Service, the United States Department of Justice, and the United States Department of Veterans Affairs as Defendants. (D.E. 4). In the "Amended Complaint," Johnson seeks a *writ of mandamus*.

*Id.* Johnson has not sought leave of Court to amend his pleadings. The proposed amended complaint does not name any of the original Defendants.

The Defendants' pending motion to dismiss and supplement to the motion to dismiss invoke judicial immunity, absolute immunity, and seeks dismissal of all claims. Defendants also request sanctions against Johnson, noting that he is a barred litigant under 28 U.S.C. §1915(g) because he has filed at least three federal civil actions that were dismissed as frivolous or for failure to state a claim on which relief can be granted. *See Johnson v. Lumpkin*, Civil Action No. 4:22-cv-1276 (S.D. Texas. May 20, 2022) (collecting numerous past strikes).

## II.  LEGAL STANDARDS

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The court must take as true the complaint's well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S.319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v.*

*Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### C. *Pro Se* Pleadings

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). A pleading filed by a *pro se* litigant must be "liberally construed," even if "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *accord Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 601 & n.36 (5th Cir. 2017) (declining to strictly construe *pro se* litigant's pleadings in context of motion to dismiss). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

### III. DISCUSSION

#### A. The Complaint Lacks Jurisdiction and Fails to State A Claim

Johnson's suit is nonsensical, abusive, and patently frivolous, and therefore, should be dismissed for lack of subject-matter jurisdiction and/or failure to state a claim

pursuant to Rules 12(b)(1) and (b)(6).  See Fed. R. Civ. P. 12(b)(1), (b)(6).  The complaint is a barrage of conclusory allegations and allusions to statutes, cases, and legal ideas. (See, e.g. D.E. 3-3, pg. 1-2).  He neither states facts, nor connects facts with law in any argument.  The following verbatim quote exemplifies Johnson's complaint:

> *(CAUSE OF ACTION)* "CIVIL CONSPIRACY" 10): BENTLEY, 94 S.W. 3d 561 (TX); 591: "2 or more forms common plan, to cause injury, resultant damages."  11) Forces Pro Se to file own suits sans jurisdiction:  to commit a crime: 37.11 (3d Degree): in case #22-1074 (Failure Report Felony 38.171) Penal Code: (By Judges and Lowery: and: 18 U.S.C. 4- "Misprison of Felony":"Not report any felony to any judge ASAP, conceals it-3 yrs: FED's)"

(Id. at pg. 3-4).

Under Rule 12(b)(1) a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction when the complaint's allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Armstead v. Clinton*, 2016 WL 10953881 at *2 (S.D. Tex. Mar 3, 2016)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  As the Supreme Court has held on numerous occasions, such patently meritless suits divest the district court of jurisdiction it may otherwise possess.  *See Hagans*, 415 U.S. at 536-327.  Mindful of its responsibility to police its subject-matter jurisdiction, *see Giannokos v. M/V Bravo Trader,* 762 F.2d at 1295, 1297 (5th Cir. 1985), the Court should find the complaint entirely meritless and should dismiss it.  *See Johnson v. City of Denton*, 2018 WL 3487585, at *2-3 n.3 (E.D. Tex. June 8 , 2018), report and recommendation adopted,

2018 WL 3478898 (E.D. Tex. July 19, 2018)(dismissing a frivolous suit on Rule (b)(1) grounds).

Alternatively, Johnson fails to state a claim under Rule 12(b)(6). Dismissal is appropriate under Rule 12(b)(6) where a complaint does not contain "enough facts to state a claim to relief that is plausible on its fact." *Twombly*, 550 U.S. 440 at 570. Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). While the Court must accept the complaint's factual allegations as true, labels and conclusions, formulaic recitations of the elements of a cause of action, or naked assertions will not suffice. *Id*. Here, Johnson's complaint is utterly devoid of any facts that would inform Defendants of the specific conduct complained of or that would allow the Court to infer conduct that could plausibly give rise to a right to recover against Defendants. Johnson does not state how Defendants engaged in a "civil conspiracy" against him (D.E. 3-3, pg. 1 & 3) or the specific ways in which Defendants failed to fulfill their obligations under federal statutes, if any. Johnson's threadbare, conclusory allegations violate federal pleading rules, and the Court may therefore dismiss his complaint *sua sponte* under Rule 12(b)(6).

### B. Judicial Immunity

Defendants seek dismissal of all claims against them based on judicial and absolute immunity. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant County, Texas*, 565 F.3d 214, 221 (5th Cir. 2009) (*citing Mireles v.*

*Waco*, 502 U.S. 9, 9-10 (1991)). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. Rather, judicial immunity can be overcome in only two circumstances: when a judge acts outside of his or her judicial capacity or when the judge acts in complete absence of all jurisdiction. *Id*. In order to "discern whether a judge's actions are in fact 'judicial in nature'" under the first set of circumstances, a court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

As it relates to Judge Tipton, Johnson does not plead facts that could satisfy either circumstance to overcome judicial immunity because he complains of federal cases over which Judge Tipton presided. (D.E. 1-3). These allegations are clearly "judicial in nature" because Judge Tipton's adjudications of the cases cited by the Johnson involved normal judicial functions, were centered on cases pending before the courts, and arose from actions taken by the judges in their official capacities. *See Ballard*, 413 F.3d at 515. Johnson pleads no facts that could show that Judge Tipton acted "in complete absence of all jurisdiction." *See Davis*, 565 F.3d at 221.

### C.  Prosecutorial Immunity

Johnson also sues FAUSA Lowery.  However, "[p]rosecutors have absolute immunity from suit for actions performed within the scope of their prosecutorial duties."

*Walker v. Mississippi*, No. 21-60442, 2021 WL 4618467, at *1 (5th Cir. Oct. 6, 2021) (*citing Imbler v. Pachtman*, 424 U.S. 409, 420-24, 431 (1976)). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). The prosecutors' intent is irrelevant as long as their acts are connected to the initiation and course of a prosecution. *See Imbler*, 96 S. Ct. at 993-94.

Johnson's allegations against FAUSA Lowery all relate to how she litigated the criminal case against him. Indeed, Johnson's claims regarding FAUSA Lowery all concern an exercise of the prosecutor's advocatory function. *See Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (*citing Imbler*, 96 S. Ct. 995) (holding that prosecutors are absolutely immune for acts in the exercise of their advocatory functions). Because Johnson points to no actions that FAUSA Lowery performed outside the scope of her prosecutorial duties, Johnson's claims against FAUSA Lowery are barred by prosecutorial immunity and subject to dismissal with prejudice.

Viewing all facts in the light most favorable to Johnson, his claims should be dismissed based on judicial and prosecutorial immunity and for failure to state a claim on which relief can be granted.

### D. Johnson's Amended Complaint

Johnson's purported amended complaint (D.E. 4), which he has not sought the Court's leave to file, does not name Judge Tipton and FAUSA Lowery as defendants but rather alleges that multiple Federal Departments violated his civil rights. To the extent

Johnson seeks leave to amend his pleadings, the Court in its discretion denies leave to amend under Federal Rule of Civil Procedure 15(a)[1]. The purported amendment names different defendants than the state pleadings, was filed after the original defendants removed to this Court and appears to bring different causes of action. The factors of undue delay, bad faith, and dilatory motive therefore weigh against Johnson. *See Am. Int'l Refinery*, 676 F.3d at 466-67. Additionally, because the purported amendment does not plead specific allegations about how each of the newly named defendants acted to violate Johnson's rights, the amendment appears futile. *See Marucci Sports*, 751 F.3d at 378.

### E. Sanctions Request

Finally, the Defendants seek sanctions against Johnson, in particular, a prohibition against Johnson filing any federal action, including a habeas action, without leave of court (D.E. 8, pg. 14-15). However, this civil action was not filed in federal court, but rather was removed from state court. Moreover, the requested sanction already has been imposed against Johnson by the Northern District of Texas and has been enforced by courts in this judicial district. *See Johnson v. Lumpkin*, Civil Action No. 4:22-1276 (S.D.

---

[1] Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co*., 688 F.3d 214, 232 (5th Cir. 2012) (cleaned up). When considering a motion for leave to amend, a district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc*., 676 F.3d 455, 466-67 (5th Cir. 2012). "Futility" in the context of a Rule 15 motion to amend means that the proposed amended complaint would fail to state a claim upon which relief could be granted. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Tex. May 20, 2022) (applying bar imposed in Northern District of Texas and dismissing *habeas* action). The undersigned therefore declines to recommend the imposition of the requested sanction.

IV.     CONCLUSION

For the reasons stated above, the undersigned recommends that Defendants' motion to dismiss (D.E.s 3 & 8) be **GRANTED** and Johnson's case be **DISMISSED** based on lack of subject-matter jurisdiction, failure to state a claim on which relief can be granted, and judicial and prosecutorial immunity grounds. The undersigned also recommends that Johnson's motion to amend his complaint (D.E. 4) be **DENIED**.

Respectfully submitted on September 21, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).