Case 6:23-cv-00023 Document 18 Filed on 11/02/23 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| R WAYNE JOHNSON, | § § § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 6:23-CV-00023 |
| | § | |
| JUDGE DREW B. TIPTON, et al., | § § | |
| Defendants. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 15). The M&R recommends that the Court grant Defendants' motions to dismiss and dismiss Plaintiff's claims for lack of subject matter jurisdiction. *See id.* at 11. The M&R does not recommend imposing sanctions. *Id.* at 10–11. Plaintiff filed written objections to the M&R. (D.E. 17).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections, like all his filings, are largely nonsensical. *See* (D.E. 17). It appears Plaintiff is arguing that this Court lacks jurisdiction. *See id.* at 1 (noting "no jurisdiction"; "no

---

[1] The Court received Plaintiff's objections on October 19, 2023. (D.E. 17, p. 1). Objections were due on October 5, 2023. *See* (D.E. 15, p. 12). However, Plaintiff alleges that he timely filed his objections, but the objections were delayed due to an issue with the mailing process. *See* (D.E. 17-1, p. 2). Regardless, Plaintiff's objections are overruled as moot, as discussed below. (D.E. 17).

original jurisdiction"; "no jurisdiction"). The M&R also posits that the Court lacks jurisdiction over Plaintiff's complaint. (D.E. 15, p. 5–7). The Court agrees. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). Plaintiff's allegations are plainly unsubstantial, obviously frivolous, and devoid of any merit. *See* (D.E. 1-3; D.E. 1-4; D.E. 4).[2] As such, the Court lacks subject matter jurisdiction over this case. *See Hagans*, 415 U.S. at 536–37; *cf. Maringo v. McGuirk*, 268 F. App'x 309, 310 (5th Cir. 2008) (finding lack of subject matter jurisdiction where plaintiff sued a federal official and the official's ghost); *In re Tipton*, No. 3:22-MC-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) (Brown, J.) (dismissing case for lack of subject matter jurisdiction where complaint was unsubstantial, devoid of merit, and the requested relief could not possibly support a claim).

As such, having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES as moot** Plaintiff's objections, (D.E. 17), and **ADOPTS** the findings and conclusions of the M&R in so far that it recommends dismissing Plaintiff's claims for lack of jurisdiction and declining to impose

---

[2] The Court agrees with the M&R that Plaintiff's "amended complaint" should be considered a motion for leave to amend his complaint as he has already amended his complaint once as a matter of course at the state level. *See* (D.E. 15, p. 9–10) (addressing Defendant's D.E. 4 amended complaint "[t]o the extent [Defendant] seeks leave to amend his pleadings" and denying such amendment); (D.E. 1-4) (containing Defendant's self-titled "amended petition[,]" which was filed in state court on April 11, 2023); *Lee v. Wells Fargo Bank, N.A.*, No. H-11-1334, 2012 WL 6132510, at *1–2 (S.D. Tex. Dec. 10, 2012) (noting that state court pleadings are considered for purposes of Federal Rule of Civil Procedure 15(a)(1)'s allowance of one pleading as a matter of course). While it appears removal may have been improper if Plaintiff's amended state court petition was valid, *see* (D.E. 1-4) (filed against non-Government employees); (D.E. 1, p. 1) (basing removal on 28 U.S.C. § 1442(a), which allows removal of actions against government officials and judicial officers), the dismissal of this action is without prejudice—meaning Plaintiff may attempt to re-file his action against his desired defendants in state court.

sanctions, (D.E. 15, p. 5–7, 9–11). As such, the Court **ORDERS** the following:

(1) Plaintiff's case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. (D.E. 1).

(2) Defendants' motion to dismiss and supplemental motion to dismiss are **DENIED as moot.** (D.E. 3; D.E. 8).

(3) Sanctions will **not** be imposed.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
November 2, 2023