Case 6:23-cv-00023   Document 24   Filed on 04/09/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| R WAYNE JOHNSON, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 6:23-CV-00023 |
| JUDGE DREW B. TIPTON, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 21). The M&R recommends that the Court deny Plaintiff's construed Rule 60(b) motion and motion for writ of mandamus. *Id.* at 6. Plaintiff has filed written objections to the M&R. (D.E. 23).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)

1 / 3

(per curiam).

The M&R recommends that the Court (1) deny Plaintiff's construed Rule 60(b) motion because he "has failed to present any cogent argument that would suggest the Final Judgment issued in this action was void in any fashion," and (2) deny Plaintiff's motion for a writ of mandamus because he has failed to show an extraordinary cause for relief. (D.E. 21, p. 5, 6).

Again, Plaintiff's objections, like all his filings, are largely nonsensical. *See* (D.E. 23); (D.E. 18, p. 1) (citing D.E. 17) (noting previous nonsensical objections). As the M&R notes regarding his motions, Plaintiff's objections are "largely incomprehensible as he persists in presenting an unintelligible deluge of references to laws, cases and legal concepts." (D.E. 21, p. 4–5). At best, Plaintiff appears to again contest the Court's jurisdiction. *See generally* (D.E. 23) (various references to "jurisdiction"). The M&R explained that "[t]he Court already has rejected Plaintiff's similar arguments in his objections as moot because it lacked subject matter jurisdiction over Plaintiff's action." (D.E. 21, p. 5) (citing D.E. 18, p. 2–3). Like his motions, Plaintiff's objections do not present any cogent argument suggesting any error in the M&R's analysis, that the Court's Final Judgment is void in any manner, or that he has extraordinary cause for relief entitling him to a writ of mandamus. *See generally* (D.E. 23). The Court **OVERRULES** Plaintiff's objections.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 23), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 21). Accordingly, the Court **DENIES** Plaintiff's motion. (D.E. 20).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 9th, 2025